IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARL J. BLEIER,

   Plaintiff,

  v.

THE COCA-COLA COMPANY,

   Defendant.

CIVIL ACTION FILE
NO. 1:06-CV-697-TWT

ORDER

This is an ERISA action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

The Plaintiff, Carl Bleier, began his employment with the Defendant Coca-Cola Company ("Coca-Cola"), in late 1989. In December 1999, he was working on a special assignment called Project Infinity. At that time he was told that, as a result of the downsizing of this project, he was terminated. The Defendant offered him a separation package ("the Project Infinity Separation Package") which would provide him approximately 50% of his retirement income benefit. He would lose, however, other benefits that would have been available to him had he remained with the

company until normal retirement. He accepted this package on February 3, 2000, and signed a release of all claims against the Defendant. He alleges that six days later, he learned that, as part of a company-wide reduction in workforce, Coca-Cola was offering employees who were at least 52 years old and had at least 10 years of vesting service a separation package that allowed them to receive full early retirement benefits ("the Company Wide Separation Package").

The Plaintiff alleges that shortly after learning of this, he contacted the Defendant's new Chief Executive Officer, Douglas Daft, to discuss his situation. The Plaintiff contended that he should have been allowed to participate in this more generous retirement package. According to the Plaintiff, upon review Daft and some of Project Infinity's managers agreed that the Plaintiff would be eligible for the Company Wide Separation Package. Despite these assurances, however, he was told in late February 2000 that the Defendant's lawyers, rather than its managers, were making final decisions as to who should be included in the Company Wide Separation Package. In "early March 2000," the Plaintiff was informed that he would receive only the Project Infinity Separation Package, not the Company Wide Separation Package.

On or about May 9, 2001, the Plaintiff began employment discussions with Coca Cola Enterprises ("CCE").[1]  Specifically, one of CCE's Human Resources Managers, Troy Remy, discussed with the Plaintiff the possibility of bringing him on in a senior operations position.  After a visit to CCE's plant and subsequent interviews, Remy offered the job to the Plaintiff.  According to the Plaintiff, as part of the negotiations for his compensation package, he and Remy discussed the loss of benefits that had resulted after the Defendant denied him the benefit of the Company Wide Separation Package.  Remy allegedly proposed a package that would address the retirement adjustment issue by combining the Plaintiff's years of service at CCE with his ten prior years of service with the Defendant, and use that as the basis for calculating the Plaintiff's ultimate retirement plan.

The Plaintiff accepted the job with CCE on or about May 31, 2001.  He claims that he subsequently made repeated attempts to follow up with Remy and other human resource managers regarding the written details of his enhanced retirement package. He was allegedly assured that these compensation issues would be worked out. When he left his employment at CCE on or about January 8, 2004, he again attempted to proceed with the processing of his retirement package.  He claims that on several

---

[1]CCE is an independent, publicly traded corporation.

occasions thereafter he made further attempts to receive the benefits promised him by CCE.

On August 3, 2004, the Plaintiff contacted Coca-Cola's Director of Global Employee Benefits, its CEO, and other executives regarding his CCE pension adjustment request. On September 9, 2004, he received a letter from a representative of the Global Retirement Programs Committee indicating the committee had reviewed his claim. The letter stated that his claim was being denied based on the fact that Coca-Cola was not CCE or a subsidiary of CCE. The Plaintiff continued to request an answer on his pension issue from Coca-Cola's Director of Global Employee Benefits. He claims that she sent him an email indicating that Coca-Cola was continuing to look at each aspect of his issue and setting a target date of December 15, 2004, to provide him with a formal response. When this response never came, the Plaintiff contends that he realized his only option was to file a lawsuit.

The Plaintiff filed this lawsuit on March 24, 2006. In it he makes the following claims against the Defendant: (1) breach of fiduciary duty; (2) interference with protected rights; (3) breach of contract; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) promissory estoppel; and (7) waiver. The Defendant now moves to dismiss all of these claims.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III. DISCUSSION

### A. Breach of Fiduciary Duty

Under the Employee Retirement Income Security Act ("ERISA"), a fiduciary such as the Defendant must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104. ERISA also expressly provides a statute of limitations for claims alleging a breach of fiduciary duty, which is the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113. The statute further states that, where fraud or concealment is shown, an action may be commenced within six years of the date that the breach or violation was discovered. <u>Id.</u> Here, the Plaintiff concedes that his lawsuit was filed outside the limitations period. Specifically, he admits that for more than three years prior to bringing this lawsuit, he had actual knowledge that the Defendant had decided not to allow him to rescind his acceptance of the Project Infinity Separation Package. Indeed, early March 2000 was the time when this alleged fiduciary breach occurred, so this claim fails to meet even the longer six year statute of limitations. The Plaintiff contends, however, that "CCE, as part of the Coca Cola System and as an entity in which Coca-Cola holds a substantial ownership interest, made false assurances and representations about future retirement benefits which induced Mr. Bleier to forbear from bringing suit against Coca-Cola." (Pl.'s Resp. to Def.'s Mot. to Dis., at 9.) He contends that the doctrines of equitable tolling and equitable estoppel apply to his claim and prevent the statute of limitations from barring his suit.

1. Equitable Tolling

"'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). Although the doctrine is "typically read into federal statutes of limitation, it cannot apply in the face of contrary congressional intent." Id. The Eleventh Circuit has never ruled on the application of equitable tolling to an ERISA breach of fiduciary duty claim. The Third and Fifth Circuits have expressly addressed and rejected the contention that the doctrine applies to the ERISA breach of fiduciary duty statute of limitations. See In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation, 242 F.3d 497, 504 (3d Cir. 2001); Radford v. General Dynamics Corp., 151 F.3d 396, 400 (5th Cir. 1998). The Third Circuit compared ERISA's statute of limitations with the Securities and Exchange Act statute of limitations that was analyzed in Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 360-62 (1991). In Lampf, the Supreme Court found that the equitable tolling doctrine was fundamentally inconsistent with a statute of limitations structured to provide a period of repose. Based on that opinion, the Third Circuit concluded that "it would be fundamentally inconsistent with the statutory scheme here to accept the argument that the six-year period does not begin to run until discovery of the fraud, where the

defendant has engaged in no wrongful activity beyond the original fraud on which the plaintiffs' claims are based." In re Unisys Corp., 242 F.3d at 504. Because 29 U.S.C. § 1113 provides one express exception in the case of fraud or concealment, the court found that "rejection of equitable tolling here follows *a fortiori* from the Supreme Court's holding in *Lampf*." Id. This Court agrees with the rationale of the Third Circuit and finds that the fraud or concealment clause in 29 U.S.C. § 1113 provides the only vehicle through which a plaintiff may toll the statute of limitations beyond the six year period of repose. The alleged fraudulent statements of CCE cannot toll the statute as to Coca-Cola. This action is barred by the three year limitations period and the six year statute of repose.

In response, the Plaintiff cites to a decision from the Middle District of Georgia in which the court found that the three year period was equitably tolled while the plaintiff exhausted his administrative remedies. Jeffries v. Trustees of Northrop Grumman Sav. & Inv. Plan, 169 F. Supp. 2d 1380, 1382 (M.D. Ga. 2001) (citing Radford, 151 F.3d at 401 (Parker, J., dissenting)). Bleier thus argues that the statute should have been tolled during the time that he was appealing the denial of his claim through CCE and Coca-Cola. The argument, however, is without merit for several reasons. First, as the Defendant correctly points out, although Coca-Cola is CCE's single largest stockholder, CCE's Form 10-K filing with the SEC demonstrates that

it is neither a division nor a subsidiary of the Defendant, but is indeed an entirely separate and distinct corporate entity. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dis., Ex. B.)[2]  The Plaintiff thus cannot claim that he was exhausting his administrative remedies with the Defendant when in fact he was negotiating with CCE.  The statute of limitations clearly states that a party must bring a claim within three years of the time he had actual knowledge of the breach.  The Plaintiff admits that he did not seek any administrative remedy from Coca-Cola within three years of March 2000, the date he first discovered the breach.  Moreover, unlike in Jeffries, here the Plaintiff has failed to file his federal claim within the six year period of repose. Accordingly, his only opportunity to toll the statute of limitations is by demonstrating fraud or concealment on the part of the Defendant, not CCE.  He has clearly failed to make such an allegation.[3]

---

[2]The Court may take judicial notice of CCE's Form 10-K filing.  See Ehlert v. Singer, 245 F.3d 1313, 1317 n.4 (11th Cir. 2001) (holding that on a motion to dismiss a securities fraud action, judicial notice may be taken of relevant documents publicly filed with the SEC); see also Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.").

[3]The Court does not find any allegation of fraud in the Plaintiff's complaint or response brief.  Even if he had attempted to make such a claim, other circuits have held that 29 U.S.C. § 1113 incorporates the fraudulent concealment doctrine, which requires a showing, *inter alia,* that the defendant "engaged in a course of conduct designed to conceal evidence of [its] alleged wrongdoing." Larson v. Northrop Corp., 21 F.3d 1164, 1172 (D.C. Cir. 1994); see also Caputo v. Pfizer, Inc., 267 F.3d 181,

### 2. Equitable Estoppel

The Plaintiff's attempt to rescue his lawsuit by invoking the doctrine of equitable estoppel is similarly without merit. "To successfully invoke the doctrine, the late arriving plaintiff must show that she was misled by defendant or its agents so that [s]he delayed suit because of (a) an affirmative statement that the statutory period to bring the action was longer than it actually was, or (b) promises to make a better settlement of the claim if plaintiff did not bring suit or (c) comparable representations and conduct." Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1323-24 (11th Cir. 1989). There are no allegations of such representations by Coca-Cola. Again, under this ERISA statute, the Court holds that the only means by which a plaintiff can file a claim beyond the six year limitations period is by demonstrating some fraud or concealment of the charge. The Plaintiff has not made any such allegation against the Defendant and his claim thus fails.

---

188 (2d Cir. 2001); J. Geils Band Employee Benefit Plan v. Smith Barney, 76 F.3d 1245, 1252 (1st Cir. 1996); Radiology Ctr. v. Stifel Nicolaus & Co., 919 F.2d 1216, 1220 (7th Cir. 1990); Schaefer v. Arkansas Med. Soc'y, 853 F.2d 1487, 1491-1492 (8th Cir. 1988). Similarly, pursuant to Federal Rule of Civil Procedure 9(b), circumstances constituting fraud must be pled with "particularity." The Plaintiff's allegations are clearly insufficient to meet these requirements. Indeed, his response brief claims only that Coca-Cola, through the misrepresentations of CCE, delayed Mr. Bleier from pursuing this claim. (Pl.'s Resp. to Def.'s Mot. to Dis., at 10.) This allegation, even if true, is insufficient to support a fraud claim against either entity.

B. Plaintiff's Other Claims

The Plaintiff originally filed six other claims against the Defendant. However, in his response to the Defendant's motion to dismiss, he concedes that "his claims against Coca-Cola are most properly categorized as breach of fiduciary duty." (Pl.'s Resp. to Def.'s Mot. to Dis., at 7.) He further concedes that his complaint's other counts are derivative and that they "essentially assert a claim for breach of fiduciary duty." (Id.) Pursuant to Local Rule 7.1(B), this failure to respond indicates that the Defendant's motion is unopposed as to these claims. The Court deems this failure to be an abandonment of the claim. See City of Lawrenceville v. Ricoh Electronics, Inc., 370 F. Supp. 2d 1328, 1333 (N.D. Ga. 2005). In any event, all of these claims are preempted by ERISA. Dismissal of Counts II through VII is thus merited.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 7] is GRANTED.

SO ORDERED, this 13 day of October, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge